IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

JOHANNA CARRERAS FIGUEROA
OSVALDO MOREL GONZALEZ

Debtor(s)

JOHANNA CARRERAS FIGUEROA and
OSVALDO MOREL GONZALEZ

Plaintiff(s)

v.

BANCO POPULAR DE PUERTO RICO
TITLE INSURANCE COMPANY ABC

Defendant(s)

CASE NO. 19-5336 (MCF)

CHAPTER 13

ADVERSARY NO. 23-00025 (MCF)

FILED & ENTERED ON APR/06/2026

**OPINION AND ORDER**

The Debtors, Johanna Carreras Figueroa and Osvaldo Morel Gonzalez, object to Banco Popular de Puerto Rico (BPPR)'s secured claim over their property. The Debtors argue that prior to the bankruptcy case, the sale deed identified the property with an incorrect lot number and property description. The sale deed along with the mortgage deed were presented for recording at the Property Registry. The Debtors claim that BPPR willfully violated the automatic stay by sanctioning the Property Registrar's recording of both deeds after the voluntary petition was filed. The parties filed cross motions for summary judgment. For the reasons expressed below, we hold that BPPR did not violate the automatic stay and that the post-petition recordation by the Property Registrar is null and void, resulting in BPPR's claim being unsecured.

1

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Fed. R. Civ. P.* 56(a).[1] At this stage, the court does not weigh the evidence or resolve factual disputes but rather determines whether a genuine issue of material fact exists for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). When both parties move for summary judgment, each party must carry its own burden of proof as the moving party in its cross-motions and as the nonmoving party in response to the other party's motion. *Wells Real Estate Inv. Trust II, Inc. v. Chardon*, 615 F.3d 45, 51 (1st Cir. 2010). If there are no disputed material facts, only one party is entitled to judgment as a matter of law. *Encanto Rests., Inc. v. Aquino Vidal* (*In re Cousins Int'l Food Corp.*), 553 B.R. 197, 205 (Bankr. D.P.R. 2016). We find it appropriate to proceed with summary judgment, given that there are no disputed material facts.

I.      UNCONTESTED FACTS

The codebtor, Johanna Carreras Figueroa, purchased a residential property located at Urb. Olympic Ville C-9 Calle Atlanta, Las Piedras, Puerto Rico, under Deed No. 300, executed before Notary Public Jorge Fernando Colón Muntaner on July 12, 2016 (the "Sale Deed"). The Sale Deed indicated that she purchased property number 14,436, when in fact she was purchasing property number 14,636. The Sale Deed contained another error in the property description. It described the property as "bordering Lot 5 of Block C for 13.80 meters." Dkt. No. 47, Exhibit 1 at 2.

On that same day, she executed a loan agreement with The Money House, Inc. for $105,912.00 (the "Note) for that purchase. Concurrently, she signed a mortgage deed before another Notary Public, Priscilla Santiago Acosta, under Deed No. 369 (the "Mortgage Deed"), to secure the Note. The Mortgage Deed correctly designated property number 14,636, to serve as collateral. Unlike the Sale Deed, the Mortgage Deed correctly describes the property as "bordering Lot 5 of Block B for the same 13.80 meters." Exhibit 5 at 4.

---

[1] Unless otherwise indicated, all references to "Bankruptcy Code" or to specific statutory sections are to the Bankruptcy Reform Act of 1978, as amended, 11 U.S.C. §§ 101-1532. All references to "Bankruptcy Rule" are to the Federal Rules of Bankruptcy Procedure, and all references to "Rule" are to the Federal Rules of Civil Procedure. All references to "Local Bankruptcy Rule" are to the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Puerto Rico. All references to "Local Civil Rule" are to the Local Rules of Civil Practice of the United States District Court for the District of Puerto Rico.

On July 20, 2016, both Deeds were presented for recording under the incorrect number indicated in the Sale Deed, property number 14,436, at the Digital Real Estate Registry of the Commonwealth of Puerto Rico, Section of Humacao (the "Registry").

In 2019, the Debtors filed a voluntary petition under Chapter 13 of the Bankruptcy Code. The Debtors listed and scheduled BPPR as a secured creditor. However, BPPR filed an unsecured proof of claim. The Debtors later amended the schedules to reclassify BPPR's claim as an unsecured debt after a title search revealed that both Deeds had been presented to the Registry and were pending recordation, but under the incorrect property number (14,436).

On July 20, 2020, the Registry recorded both Deeds under the correct property number (14,636). After the recordation of both Deeds, BPPR amended its proof of claim to a secured claim. (Proof of Claim No. 1-2).

## II.    POSITION OF THE PARTIES

The dispute ensues as to whether BPPR violated the automatic stay and whether it holds a valid secured interest on the real property.

As to the issue of the automatic stay violation, BPPR asserts that the Debtors failed to establish that it willfully violated the automatic stay. The Registrar's actions were ministerial in nature and unaffected by the automatic stay, which does not restrict the Registrar, "a state official acting as a registrar of deeds." (Dk. No. 60).

Regarding its secured status, BPPR contends the Mortgage Deed is validly recorded at the Property Registry under the correct property number 14,636. (Dkt. No. 47). BPPR argues that the Property Registry's actions, ministerial in nature, were without error and are presumed to be correct under the Registry Act. BPPR points out that the postpetition recording of a document is deemed effective as of its prepetition presentation for recordation in the Registry. (Dkt. No. 66).

The Debtors disagree with BPPR on both issues. The Debtors claim that BPPR willfully violated the automatic stay by allowing the Registry to record the defective lien after the bankruptcy case had commenced. (Dkt. No. 62). The Debtors claim that the Registry should not have recorded the Mortgage Deed because the Sale Deed contained two errors—its property lot number and the property description; and thus, the Deeds do not comply with the principle of successive tract under Puerto Rico Mortgage law. "[U]nder successive tract, both deeds must

align; if the [Sale] Deed refers to a different property, the Mortgage cannot be valid because there is no perfect chain," thus turning the lien null. (Dkt. No. 69 at 16).

### III. GOVERNING LAW AND ANALYSIS

We address whether a violation of the automatic stay occurred by BPPR before determining whether it holds a secured claim over the real property.

A. Violation of the Automatic Stay

The automatic stay provision under § 362(a) of the Bankruptcy Code is a debtor protection under the Bankruptcy Code designed to provide the debtor with a "breathing spell" from creditors and shield the debtor from collection efforts, harassment, and foreclosure actions. *González v. Puerto Rico Treasury Dep't*, 532 B.R. 1, 5 (Bankr. D.P.R. 2015). Once a bankruptcy petition is filed, "[t]he stay is effective automatically and immediately" even if the petition is "voluntary, joint or involuntary." 3 Collier on Bankruptcy ⁋ 362.02 (16th ed. 2025). The automatic stay applies to "any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title." 11 U.S.C. § 362(a)(5). The First Circuit has consistently recognized that actions in contravention of an automatic stay are void and have no legal effect. *Triangle Cayman Asset Co. v. LG & AC, Corp.*, 52 F.4th 24, 35 (1st Cir. 2022).

A debtor pursuing damages for a violation of the automatic stay under § 362(k) bears the burden of proving, by a preponderance of the evidence, three essential elements: "(1) that a violation of the automatic stay occurred; (2) that the violation was willfully committed; and (3) that the debtor suffered damages as a result of the violation." *Santiago v. Cooperativa A/C Las Piedras* (*In re Santiago*), 2024 Bankr. LEXIS 1459, at *20-21 (Bankr. D.P.R. June 18, 2024) (citing *In re Slabicki*, 466 B.R. 572, 577-78 (B.A.P. 1st Cir. 2012). "The standard for a willful violation of the automatic stay. . . is met if there is knowledge of the stay and the defendant intended the actions which constituted the violation." *Santiago,* 2024 Bankr. LEXIS 1459, at 21 (citing *Fleet Mortg. Grp., Inc. v. Kaneb*, 196 F.3d 265, 269 (1st Cir. 1999)).

In applying the elements for a violation of the automatic stay to the instant case, the uncontested facts do not reflect that BPPR willfully violated the stay. The Debtors bear the burden of proving, by a preponderance of the evidence, that after the filing of the petition, BPPR willfully committed act(s) that caused the recordation of the Sale Deed and the Mortgage Deed.

4

There is no evidence that BPPR requested, authorized, or otherwise caused the Registrar to perform the post-petition recordation. Nor is there evidence that BPPR knew that the Registrar would act in such a manner or failed to take reasonable steps to prevent it.

The Debtors also argue that BPPR violated the stay by amending "its proof of claim to assert secured creditor status based on that very deficient lien—thereby placing the Debtors in the position of having to file an adversary proceeding to challenge its validity and incur significant legal expenses in the process." (Dkt. No. 52, at 21-22).

We do not agree. Filing a proof of claim does not affect the debtor's property; rather, it "merely indicates a desire to participate in the bankruptcy process." *Knowles v. Bayview Loan Servicing, LLC* (*In re Knowles*), 442 B.R. 150, 160 (B.A.P. 1st Cir. 2011) (citing *Campbell v. Countrywide Home Loans, Inc.* (*In re Campbell*), 545 F.3d 348, 355-56 (5th Cir. 2008)(holding that the automatic stay did not bar the creditor from filing proof of claim). Amending a claim is no different. A debtor may object to an amended claim under Fed. R. Bankr. P. 3007 or file an adversary action to challenge the validity, priority, or the extent of the lien, pursuant to Fed. R. Bankr. P. 7001(b). Consequently, BPPR's amending of a claim is not a violation of the automatic stay.

## B. The Status of BPPR's Claim

BPPR argues that the recordation of its Mortgage Deed by the Registrar was a ministerial act that is exempted from the automatic stay. It also posits that the recordation of its Mortgage Deed is presumed to be correct, that it complies with the principle of successive tract under Puerto Rico Mortgage Law, and that it cannot be undone by this court. (Dkt. No. 60 at 7-10). We discuss each of these points.

### 1. Ministerial Acts by the Registrar

BPPR avers that the post-petition corrections made by the Property Registrar regarding the property lot number and property description are ministerial in nature and, as such, unaffected by the automatic stay.

One of the exemptions to the automatic stay is what is known as a ministerial act. *In re Horned Dorset Primavera, Inc.*, 2018 Bankr. LEXIS 2220, at *46 (Bankr. D.P.R., July 27, 2018) (ministerial acts apply to lawsuits, judicial, and administrative proceedings). The First Circuit explained the term "ministerial act" as follows:

[a] ministerial act is one that is essentially clerical in nature.  See Black's Law Dictionary 996 (6th ed. 1990).   Thus, when an official's duty is delineated by, say, a law or a judicial decree with such crystalline clarity that nothing is left to the exercise of the official's discretion or judgment, the resultant act is ministerial. *See United States ex rel. McLennan v. Wilbur*, 283 U.S. 414, 420, 75 L. Ed. 1148, 51 S. Ct. 502 (1931) (indicating that a duty is ministerial if 'the obligation to act [is] peremptory, and plainly defined'); *Neal v. Regan*, 587 F. Supp. 1558, 1562 (N.D. Ind. 1984) (describing a ministerial act as 'one which 'the law prescribes and defines... with such precision as to leave nothing to the exercise of discretion or judgment) (citation omitted). Such acts can usefully be visualized as the antithesis of judicial acts, inasmuch as the essence of a judicial act is the exercise of discretion or judgment. *See Black's Law Dictionary*, *supra*, at 846.

*Soares v. Brockton Credit Union (In re Soares)*, 107 F. 3d 969, 974 (1st Cir. 1997).

Ministerial actions "should be narrowly construed to protect only those acts that are clerical in nature and do not involve the exercise of any discretion or judgment." *Horned Dorset Primavera, Inc.,* 2018 Bankr. LEXIS 2220, at 49 (citing Alan N. Resnick & Henry J. Sommer, 3 Collier on Bankruptcy ¶362.03[3][e] (16th ed. 2018)).  The court in *Horned Dorset* concluded that the Registrar's faculty to review documents presented to the Registry is quasi-judicial in nature.  *Horned Dorset,* 2018 Bankr. LEXIS 2220, at 61-62.  In exercising that faculty, the Registrar evaluates the validity and effectiveness of the submitted documents and determines whether they may be recorded.  This review includes examining the legality of the documents' formal requirements, the capacity of the parties, and the validity of the acts of disposition reflected in the deeds, based on the documents' contents and the existing Registry entries.  *Id.* After the review process, the Registrar determines whether documents will be recorded in the Registry.

We examine the facts of the instant case regarding the Registrar's actions.  To record both Deeds under the correct property number, disregarding the property number and the incorrect property description in the Sale Deed, the Registrar had to examine the contents of the instruments, compare them with the existing Registry entries, and to determine whether the correction and corresponding recordation were legally proper.  Such a determination necessarily requires the exercise of judgment and legal evaluation, rather than the mere performance of a clerical or mechanically prescribed duty.  Ultimately, the Registrar inscribed the Sale Deed even though it contained a property number and a property description different from that of the

6

Debtor's property and that of the Mortgage Deed. We find that the Registrar's actions are not ministerial in nature and, as such, are not exempt from the automatic stay.

2. Principle of Successive Tract under Puerto Rico Mortgage Law

We turn to Puerto Rico's Mortgage Law in considering whether the Mortgage Deed in the instant case can be properly recorded in the Registry. Puerto Rico Mortgage Law, in Article 17, contains the principle of successive tract which states that "[to] record a document that transfers, creates, changes, or extinguishes ownership or other real rights over real property, the person granting the document must first appear as the registered owner. If not, the Registry will deny the recording." 30 L.P.R.A. § 6032. It is meant "[t]o keep a continuous chain of ownership in the Registry, so that each transfer follows the previous one in proper order, [ensuring] that the Registry shows a clear history of the property." *Rigores, Inc. v. La Propiedad*, 2005 TSPR 135, 165 D.P.R. 710, 726-27 (2005) (citing R.M. Roca Sastre, Derecho Hipotecario, 7ma ed., Barcelona, Ed. Bosch, 1979, T. II, at 327).

The principle of successive tract "applies to all components of the registry information: the property, titleholder, and rights." *DLJ Mortg. Capital, Inc. v. García Ramos*, 2021 TSPR 66, 207 D.P.R. 28, 44 (2021) (citing Mojica Sandoz, op. cit., at 161). The document to be recorded must refer to the same property already registered, must be granted by the registered titleholder at the time of qualification, and must concern the same right that is published in the Registry. *Id.* (citing Luis Rafael Rivera Rivera, Derecho Registral Inmobiliario Puertorriqueño 226 (2d. ed., 2002)).

If a mortgage is to gain access to the Registry, it must comply with this principle, because the Registry "must keep the link or connection of the acquisitions in a successive and chronological order of titleholders to maintain a perfect continuity between all registered acts of purchase." *Ramos v. Banco Popular de P.R.* (*In re Ramos*), 493 B.R. 355, 365-66 (Bankr. D.P.R. 2013) (citing Rivera Rivera, Derecho Registral Inmobiliario Puertorriqueño 219 (2d. ed., 2002); II R.M. Roca Sastre, Derecho Hipotecario 87, 237 (7ma ed., Barcelona, Ed. Bosch, 1979)).

Furthermore, in *Ramos*, this court explained that "[a] [p]urchase [d]eed is necessary to attain [a] successive chain of title. 493 B.R. at 366. Although in *Ramos* the purchase deed was not presented, the case shows the essential connection required between a sale deed and a

7

mortgage deed to preserve a continuous chain of title and highlights the importance of ensuring that all relevant documents are properly presented and contain accurate information.

Applying the law to the facts of this case, we find several errors. First, the presentation of the Sale Deed contained the wrong property number (14,436), while the presentation of the Mortgage Deed identified the correct property number (14,636). Another significant error is that the property descriptions in both Deeds do not match. The property described in the Sale Deed is incorrect, as the property description stated the incorrect block number. For instance, the Sale Deed stated that the property "bordered lot 5 of Block C for 13.80 meters;" whereas, the Mortgage Deed described the property as "bordering lot 5 of Block B for the same 13.80 meters." (Dkt. No. 47, Exhibit 1 at 2 & Exhibit 5 at 4).

Due to these errors regarding the property number and description, the required chain of title is broken. The Registry does not reflect a clear and continuous sequence showing that the person who executed the mortgage was previously recorded as the owner of the same property. Without that prior link properly established in the Registry, the mortgage cannot validly gain access, as the executing party does not appear as the registered titleholder of the property being encumbered. This lack of continuity prevents the Mortgage Deed from satisfying the principle of successive tract, and consequently, its inscription in the Registry is contrary to law.

### 3. The Registrar's authority to correct certain errors.

We again look at Puerto Rico Mortgage Law to determine if the Registrar's actions are authorized. Article 213 of the Puerto Rico Mortgage Law provides that errors made by the Registrar when extending an entry, which do not affect the recorded legal transaction, may be corrected in accordance with the applicable regulations. Likewise, mistakes made in presentation entries or reference notes may be corrected even without having the corresponding title before the Registrar, provided that the error is evident and can be rectified using the data contained in the main entry. 30 L.P.R.A. § 6353.

In turn, Article 214 authorizes the Registrar to correct errors if the rights of registered titleholders are not affected and the instrument that gave rise to the registration is available for review. However, when the correction could affect such rights, the consent of the affected titleholders is required, or, in its absence, a judicial order directing the rectification. 30 L.P.R.A. § 6354. This distinction was clarified and reinforced by the Supreme Court of Puerto Rico in

8

*Gasolinas P.R. v. Registrador*, 2001 TSPR 158, 155 D.P.R. 652 (2001), where the court analyzed the provisions of the former Mortgage Law, whose principles remain valid under current legislation, and held that the Registrar may correct errors, by his own initiative, in presentation entries when such corrections do not affect registered rights. The Puerto Rico Supreme Court cautioned that if the correction affects the rights of registered titleholders, it cannot be made without their express consent or a judicial order, citing the principle of protection of third parties under Article 110 of the former law, (now Article 212 of the Puerto Rico Mortgage Law), which prohibits rectifications that prejudice the legitimately acquired rights of third parties. *Gasolinas*, 155 D.P.R. at 683; 30 L.P.R.A. § 6352.

In the instant case, the Registrar's act of recording the lien against the Debtor's property affected her property rights. Before correcting or rectifying any fact in the Registry of Property, the consent of these titleholders whose rights could be affected by the correction must be sought; and in the absence of this consent, "the Registrar or the party seeking the correction must first obtain a court decision to that effect ordering the correction of the entry." *Horned Dorset Primavera, Inc.,* 2018 WL 3629952, at *21–22 (citing *Gasolinas*, 155 D.P.R. at 682-684).

The Registrar did not issue a notification of error to any of the parties, resulting in their lack of consent to its rectification, as required by Article 214 of the Puerto Rico Mortgage Law. 30 L.P.R.A. § 6354. Therefore, the Registrar acted contrary to law by recording the Deeds under a property number different than the property number in the Sale Deed without the titleholders' consent; thus, making null and void the inscription in the Registry of the Mortgage Deed.

4. <u>Bankruptcy Court's Authority to Review Property Registrar's Actions</u>

Lastly, we address BPPR's contention that the Registrar's recordation of the Mortgage Deed cannot be "undone under this adversary proceeding. (Dkt. No. 60 at 7).

Under Article 229 of Puerto Rico Mortgage Law, the Registrar's faculty to determine the registrability of a document is limited to examining the formal legality of the documents presented, the capacity of the parties, and the validity of the acts and contracts reflected therein, based solely on the documents submitted, existing registry entries, and applicable law. 30 L.P.R.A. § 6381. While registral entries are presumed valid, that presumption holds only until a court declares them null and void. *Id.*

Consistent with this framework, Article 230 makes clear that the purpose of the Registrar's examination is exclusively to allow or deny recordation and does not preclude or

9

prejudge judicial review of the validity of the recorded documents, to which the Registrar must ultimately defer. 30 L.P.R.A. § 6382. The Puerto Rico Supreme Court has confirmed that challenges to the validity of a registered contract must be brought in court, and that the legal effects of a recordation may only be altered by judicial order. *In re Ortiz Betancourt*, 2023 WL 4675760, at *5 (Bankr. D.P.R. July 20, 2023) (citing *Perez Rivera v. Registradora*, 189 D.P.R. 729, 735 (2013)).

Accordingly, even though property registry entries are presumed valid, the bankruptcy court has the power to examine that recordation if the validity of the underlying act is questioned.

## IV. CONCLUSION

We conclude that BPPR did not violate the automatic stay; and that BPPR's lien is invalid because the Registrar's actions are null and void and unsupported by Puerto Rico Mortgage Law.

Consequently, Banco Popular de Puerto Rico's summary judgment motion is granted in that it did not violate the automatic stay under 11 U.S.C. § 362(k) and denied as to its secured status. The Debtors' summary judgment motion is denied as to the violation of the automatic stay and granted in that Banco Popular de Puerto Rico's Mortgage Deed is declared null and void and that Banco Popular de Puerto Rico's claim number 1-2 is an unsecured claim.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 6th day of April 2026.

Mildred Caban Flores
United States Bankruptcy Judge